# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Steven D. Martin,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 14, 2017

Court of Appeals Case No.
46A03-1706-CR-1262

Appeal from the LaPorte Circuit Court

The Honorable Thomas Alevizos, Judge

Trial Court Cause No.
46C01-1501-F6-27

**May, Judge.**

Steven D. Martin appeals the trial court's imposition of a twenty-three month sentence following Martin's conviction of Level 6 felony theft.[1] Martin asserts the trial court abused its discretion when it failed to find two mitigators during sentencing. We affirm.

# Facts and Procedural History

On January 11, 2015, Martin took two 48-inch Sony televisions from Walmart without paying for them. When police stopped the car, they found a crack pipe and crack. The State charged Martin with Level 6 felony theft, Level 6 felony possession of cocaine,[2] and Class A misdemeanor possession of paraphernalia.[3]

Martin pled guilty to theft in exchange for the State dismissing the other two charges, and sentencing was left to the trial court's discretion. After a sentencing hearing, the court found the following aggravators:

> 1. The defendant has a very long criminal history on many fronts; specifically, conversion and theft, among other things.
>
> 2. The Defendant has violated the terms of probation many times.

[1] Ind. Code § 35-43-4-2(a)(1)(A) (2014).

[2] Ind. Code § 35-48-4-6 (2014).

[3] Ind. Code § 35-48-4-8.3 (2014).

3.  The Defendant has violated the terms of his bond from this Court.  He was convicted of Theft, a Class A Misdemeanor, under Cause No. 46C01-1504-F6-204.

4.  The Defendant has additional pending charges.

5.  The Defendant has violated the terms of his release by walking away from Life Treatment Center.

(App. Vol. II at 24-5.)  The court found a single mitigator: "The Defendant plead [sic] guilty and accepts responsibility."  (*Id*. at 25.)  The court found "the aggravating factors greatly outweigh the mitigating factor[,]" (*id*.), and imposed a two year sentence.

On May 10, 2017, Martin filed a motion to correct error alleging the court found an aggravator unsupported by the evidence.  After a hearing, the trial court granted that motion in part and amended the sentencing order:

1.  The Court strikes the fifth aggravator listed on Sentencing Order; the Defendant has violated the terms of his release by walking away from Life Treatment Center.

2.  The Court now modifies Defendant's sentence from the original sentence of two (2) years in the Indiana Department of Correction to twenty-three (23) months in the Indiana Department of Correction.

3.  All other terms of Sentencing Order remain.

(*Id*. at 73.)

# Discussion and Decision

[5]  Martin argues the trial court abused its discretion by failing to consider two mitigating circumstances.[4] Sentencing decisions are within the sound discretion of the trial court, and we review them on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). One way a court abuses its discretion is by failing to address mitigating circumstances that are advanced for consideration and clearly supported by the record. *Id*. at 490-91. A trial court is not, however, required to accept a defendant's claim as to the existence of a mitigating circumstance. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*. Rather, the defendant must "establish that the mitigating evidence is both significant and clearly supported by the record." *Id*.

[6]  Martin argues the trial court abused its discretion by failing to find a mitigator in the fact that his children "will be deprived of his support." (Br. of Appellant

---

[4] Martin also claims "the trial court abused its discretion in giving little weight to" the mitigator of Martin's guilty plea. (Br. of Appellant at 10.) However, for the last decade, we have been unable to review the weight assigned to aggravators and mitigators by the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors"), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). Accordingly, this argument has no merit.

Furthermore, Martin's brief presents the issues as an abuse of discretion in failing to find mitigators, but then also includes statements of law about our constitutional authority to review and revise sentences and suggests that we should "reduce the sentence imposed by the trial court based upon the mitigating circumstances." (Br. of Appellant at 12.) We have repeatedly reiterated that "inappropriate sentence and abuse of discretion claims are to be analyzed separately." *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2017) (quoting *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Anglemyer*, 868 N.E.2d at 491)), *trans. denied*. As an inappropriate sentence claim requires us to find a sentence is "inappropriate in light of the nature of the offense and the character of the offender," Indiana Appellate Rule 7(B), and as Martin has provided argument regarding neither his offense nor his character, we waive his request that we revise his sentence. *See* Indiana Appellate Rule 46(A)(8)(a) (each argument must be "supported by cogent reasoning).

at 11.) However, as the State notes, Martin did not argue at sentencing that the trial court should consider this mitigator when imposing sentence. (*See* Br. of Appellee at 9-10; Tr. Vol. III at 3-18.) Accordingly, we cannot find an abuse of discretion in the trial court's failure to find this mitigator.[5] *See Anglemyer v. State*, 875 N.E.2d 218, 220 (Ind. 2007) (holding only possible mitigator trial court must consider without argument by defendant is guilty plea).

[7] Martin also argues the trial court abused its discretion in not finding a mitigator in "Martin's history of substance abuse[,]" (Br. of Appellant at 11), and Martin's seeking treatment "on his own, during his pre-trial release." (*Id*.) However, Martin testified that his long history of convictions for theft is "really due to trying to find a means to continue to get high." (Tr. Vol. III at 8.) In light of the fact that Martin's first conviction was in 1989 for "Gross Vehicular Manslaughter While Intoxicated," (App. Vol. III at 24), and he has had numerous additional drug-related convictions in the intervening decades, we cannot say the trial court abused its discretion when it refused to find a mitigator in Martin's attempts to get treatment before being sentenced for this crime. *See Rose v. State*, 810 N.E.2d 361, 366-67 (Ind. Ct. App. 2004) (finding

---

[5] Waiver notwithstanding, Martin testified he has five children between the ages of sixteen and twenty-four years for whom he still pays child support, and he testified he works nearly thirty hours a week for nine dollars an hour. He did not testify, however, how much he pays in support, how often he pays support, or whether he stays current on his obligation. As such, the record did not demonstrate this mitigator was clearly supported by the record. *See*, *e.g.*, *Hunter v. State*, 72 N.E.3d 928, 936 (Ind. Ct. App. 2017) (finding no abuse of discretion in trial court's failure to find hardship on children as a mitigator when mothers of defendant's children were employed in steady jobs), *trans. denied*.

no abuse of discretion in trial court's failure to find mitigator in addiction when defendant had failed to take advantage of prior opportunities to receive drug treatment).

# Conclusion

[8] As Martin has not demonstrated the trial court abused its discretion in failing to find the two mitigators he asserts on appeal, we affirm his sentence.

[9] Affirmed.

Vaidik, C.J., and Altice, J., concur.