

FILED

Mar 09 2017, 5:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James H. Voyles, Jr.
Tyler D. Helmond
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devon L. Hunter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 9, 2017

Court of Appeals Case No.
45A04-1605-CR-1015

Appeal from the Lake Superior
Court.
The Honorable Salvador Vasquez,
Judge.
Cause No. 45G01-1401-FA-1

**Sharpnack, Senior Judge**

## Statement of the Case

Devon Hunter appeals his conviction and sentence on three counts of dealing in cocaine, all as Class A felonies;[1] one count of possession of cocaine as a Class B felony;[2] and one count of maintaining a common nuisance as a Class D felony.[3] We affirm in part and reverse and remand in part with instructions.

## Issues

Hunter presents three issues for our review, which we restate as:

> I. Whether the trial court erred by admitting video and audio recordings into evidence.
>
> II. Whether Hunter's convictions violate the double jeopardy provision of the Indiana Constitution.
>
> III. Whether the trial court erred in sentencing Hunter by failing to find a mitigating factor proposed by him.

## Facts and Procedural History

The facts most favorable to the verdict show that on three occasions Hunter sold cocaine to a confidential informant (CI), and, on another occasion, he was stopped in his vehicle and found to be in possession of cocaine. Based upon the facts surrounding these offenses, Hunter was charged with three counts of

---

[1] Ind. Code § 35-48-4-1 (2006).

[2] Ind. Code § 35-48-4-6 (2006).

[3] Ind. Code § 35-48-4-13 (2001).

dealing in cocaine, one count of possession of cocaine, and one count of maintaining a common nuisance.

[4] The charges proceeded to a jury trial, at which Hunter failed to appear for the final day. The jury found Hunter guilty on all counts, and the court sentenced him to an aggregate sentence of twenty-seven years. Hunter now appeals his conviction and sentence.

# Discussion and Decision

## I. Admission of Video and Audio Recordings

[5] Hunter first contends the trial court erred by admitting into evidence video and audio recordings without a proper foundation. The trial court admitted State's Exhibits 2, 4, and 8 at trial over Hunter's objection and published them to the jury. Exhibits 2 and 8 are video recordings of two of the three controlled drug buys between Hunter and the CI and were recorded by a device worn by the CI. Exhibit 4 is an audio recording of the phone call between Hunter and the CI arranging the second controlled buy.

### *Video Recordings – Exhibits 2 and 8*

[6] The trial court is afforded wide discretion in ruling on the admissibility of evidence. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). On appeal, evidentiary decisions are reviewed for abuse of discretion and are reversed only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Where, as here, video recordings are sought to be admitted as demonstrative evidence (i.e., "visual aids that assist in the presentation and

interpretation of testimony"), an adequate foundation requires testimony that the video recording accurately depicts the scene or occurrence as it appeared at the time in question. *Knapp v. State*, 9 N.E.3d 1274, 1282 (Ind. 2014).

[7] Hunter argues that the video recordings were improperly admitted at trial because the CI did not testify they were true and accurate representations of the scene or occurrence at the time of the buys. Our review of the transcript shows that defense counsel objected at trial as to lack of foundation only on the bases that there was confusion as to the date the CI marked on the exhibits when she viewed them and that she had used only her CI number, without her signature, as her identifying mark.

[8] Litigants may not object in general terms but must state their objections with specificity. *Espinoza v. State*, 859 N.E.2d 375, 384 (Ind. Ct. App. 2006). Any grounds for objections not raised at trial are not available on appeal, and a party may not add to or change his grounds in the reviewing court. *Treadway v. State*, 924 N.E.2d 621, 631 (Ind. 2010). A claim of evidentiary error may not be raised for the first time on appeal but rather must first be presented at trial in order to permit consideration of the objection and appropriate corrective action by the trial court. *Stephenson v. State*, 29 N.E.3d 111, 121 (Ind. 2015). The argument Hunter makes on appeal is independent of and outside the specific subject matter of the objection that was before the trial court. Although Hunter objected as to lack of foundation both at trial and on appeal, the trial court never had an opportunity to consider the argument Hunter now makes to this

Court. Therefore, Hunter has waived this issue for appeal by not raising it at trial.

[9] Waiver notwithstanding, even if the trial court erred in admitting Exhibits 2 and 8, the error was harmless. The improper admission of evidence is harmless error when the erroneously admitted evidence is merely cumulative of other evidence before the trier of fact. *Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005), *trans. denied*. Exhibits 2 and 8 are video recordings of the first and third drug buys, the details of which the CI, Sergeant Darnell, and Detective Gonzalez testified to at trial. The CI testified about the drug buys and identified Hunter as the person who sold her the drugs in each instance. Additionally, the testimony of both Sergeant Darnell and Detective Gonzalez consisted of detailed recitations of the process of each of the three drug buys, including how and why they contacted the CI to participate in the controlled buys, the process of going to her house and having her contact Hunter by phone to arrange the buys, the recording of the phone calls, the amount of money they gave the CI to purchase the cocaine on each occasion, the searches they conducted of the CI before she was given the money, the process of equipping the CI with a hidden camera and audio device, and the process of her turning over the cocaine immediately upon returning to the house and being searched again.

[10] Sergeant Darnell further testified that he listened to the buys as they were occurring, and, when asked if he could definitively say that he heard the same voices in all three transactions, he responded, "Yes." Tr. Vol. I, pp. 206-07.

Detective Gonzalez also testified that the officers working surveillance during the buys obtained the plate numbers for the cars Hunter drove to the buys, and record searches revealed those plates were registered to Hunter. Furthermore, State's Exhibit 12, a still photo of Hunter derived from the video of Exhibit 2, was admitted into evidence and published to the jury without any objection by Hunter. Once the photo was admitted, Detective Gonzalez identified Hunter as the person in the photo. Thus, even if we were to determine that the trial court erred by admitting Exhibits 2 and 8, the error would be harmless because the content of the video recordings was merely cumulative of the testimony at trial.

[11]     Moreover, any error in the admission of Exhibits 2 and 8 was rendered harmless or further waived by Hunter when he deliberately replayed both exhibits during his cross-examination of the CI, followed by thorough questioning of the CI regarding what occurred in the videos. *See Reaves v. State*, 586 N.E.2d 847, 853 (Ind. 1992) (citing *U.S. v. Silvers*, 374 F.2d 828, 832 (7th Cir. 1967) (stating that defendant's reference to or use of erroneously admitted line of evidence cures or waives any error); *see also Sevener v. Nw. Tractor & Equip. Corp.*, 41 Wash. 2d 1, 247 P.2d 237, 245 (1952) (stating that while party does not waive his objection to admission of incompetent evidence by introducing evidence to explain or rebut incompetent evidence, he may, by subsequently using it for his own purposes or by introducing evidence similar to that already objected to, waive his objection). The harm to Hunter, if the admission of Exhibits 2 and 8 was error, is that the videos were played for the

jury. Thus, Hunter's replaying of State's Exhibits 2 and 8 waived his earlier objections to their admission and any harm therefrom.

*Audio Recording – Exhibit 4*

[12] The trial court is afforded wide discretion in ruling on the admissibility of audio recordings. *Dearman v. State*, 743 N.E.2d 757, 762 (Ind. 2001). We will reverse the trial court's decision only when it represents a manifest abuse of discretion that denied the defendant a fair trial. *Hall v. State*, 897 N.E.2d 979, 981 (Ind. Ct. App. 2008).

[13] The foundational requirements for admission of an audio recording made in a noncustodial setting are: (1) the recording is authentic and correct, (2) the recording does not contain evidence otherwise inadmissible, and (3) the recording is of such clarity as to be intelligible and enlightening to the jury. *Lehman v. State*, 730 N.E.2d 701, 703 (Ind. 2000). The trial court has broad discretion in determining whether these criteria have been met. *Id.*

[14] Hunter challenges the admission of Exhibit 4 based upon none of these factors. Rather, he argues that the audio recording was improperly admitted because the CI did not testify that the recording truly and accurately represented the occurrence. However, that is the standard for admitting video recordings, *see*

*Knapp*, *supra*, and Exhibit 4 is an audio recording.[4] At trial, defense counsel objected to the lack of foundation of Exhibit 4 solely with regard to the alleged date the CI marked on the disc when she listened to it. Because Hunter raises a different, and inapplicable, argument on appeal than he presented to the trial court, he waives this issue. *See Treadway*, 924 N.E.2d at 631.

[15] Nevertheless, error, if any, was harmless. With regard to the admission of evidence, only error that affects the substantial rights of a party prevails on appeal. *Nicholson*, 963 N.E.2d at 1099. Here, the CI testified that she was asked by the police to participate in another buy from Hunter and that phone calls were exchanged with Hunter. When shown the disc, the CI stated that she saw her markings on the disc and that she had listened to the recording. The Prosecutor then asked the CI whose voices were on the recording and the CI responded that they were hers and Hunter's. This is adequate foundational testimony to support the trial court's determination on admissibility. Hunter's substantial rights were not affected by the admission of Exhibit 4.

[16] Additionally, the CI and Sergeant Darnell testified to the CI placing a call to arrange the second buy using the number that the CI identified as Hunter's number and to the recording of that call. Any error in the admission of Exhibit 4 is harmless error because the content of the recording was cumulative of other

---

[4] Although in his brief Hunter treats Exhibit 4 as if it is a video recording of the second controlled buy, it is the audio recording of the phone call between the CI and Hunter arranging the second buy. Exhibit 5, whose admission is not challenged on appeal by Hunter, is the video recording of the second buy.

evidence at trial.  *See Purvis*, 829 N.E.2d at 585 (harmless error results when erroneously admitted evidence is cumulative of other evidence).

## II. Double Jeopardy

[17]  For his second claim of error, Hunter asserts that his conviction for maintaining a common nuisance violates the double jeopardy provision of the Indiana Constitution.  Specifically, he argues that the jury relied upon the same evidence in finding him guilty of maintaining a common nuisance as it did in finding him guilty of both dealing in cocaine and possession of cocaine.

[18]  The Indiana Constitution provides in part that "[n]o person shall be put in jeopardy twice for the same offense."  IND. CONST. art. I, § 14.  Two or more offenses are the same offense in violation of the double jeopardy clause of the Indiana Constitution if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.  *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).  In the present case, Hunter claims a violation only under the actual evidence test.

[19]  With regard to the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts.  *Id.* at 53.  To show that two challenged offenses constitute the same offense under the actual evidence test, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one offense may also

have been used to establish the essential elements of a second offense. *Id.* A "reasonable possibility" requires "substantially more than a logical possibility" and involves a practical assessment of whether the factfinder "may have latched on to exactly the same facts for both convictions." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). Further, our State's double jeopardy clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one, or even several, but not all, of the essential elements of a second offense. *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). In applying the actual evidence test, we evaluate the evidence from the factfinder's perspective, and we may consider the charging information, jury instructions, and arguments of counsel. *Newgent v. State*, 897 N.E.2d 520, 525 (Ind. Ct. App. 2008).

[20] Here, Hunter was convicted of three counts of dealing in cocaine, one count of possession of cocaine, and maintaining a common nuisance. The elements of dealing in cocaine that the State was required to prove beyond a reasonable doubt are that Hunter (1) knowingly or intentionally (2) delivered (3) cocaine (4) within 1,000 feet of school property. Appellant's App. Vol. II, p. 16; *see* Ind. Code § 35-48-4-1. The essential elements to be proved by the State beyond a reasonable doubt for the charge of possession of cocaine are that Hunter (1) knowingly or intentionally (2) possessed (3) cocaine (4) within 1,000 feet of school property. Appellant's App. Vol. II, p. 16; *see* Ind. Code § 35-48-4-6. And finally, as to the charge of maintaining a common nuisance, the State was required to prove beyond a reasonable doubt that Hunter (1) knowingly or

intentionally (2) maintained a vehicle (3) used for manufacturing, keeping, offering for sale, selling, or delivering (4) controlled substances. Appellant's App. Vol. II, p. 16; *see* Ind. Code § 35-48-4-13.

[21] The evidence presented at trial showed that on November 20, 21, and 25, 2013, Hunter drove his car to the CI's house, which was within 1,000 feet of an elementary school, and sold crack cocaine to the CI. In addition, the evidence demonstrated that on January 15, 2014, police stopped Hunter on school property as he was picking up his child from school and found crack cocaine in his vehicle. No separate conduct of maintaining a common nuisance was alleged in the charging information, presented to the jury through evidence or the court's instructions, or offered by the State in closing argument. Thus, there is more than a reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of the three counts of dealing in cocaine and the single count of possession of cocaine as it used to establish the essential elements of the offense of maintaining a common nuisance. Accordingly, we conclude that Hunter's convictions for dealing in cocaine and possession of cocaine together with his conviction of maintaining a common nuisance constitute a double jeopardy violation. Because all of these convictions "cannot stand, we vacate the conviction with the less severe penal consequences." *Richardson*, 717 N.E.2d at 55. Therefore, Hunter's conviction of maintaining a common nuisance is ordered vacated. In light of this, the trial court need not undertake a full sentencing reevaluation, however, as vacation of this conviction leaves in place the trial court's aggregate twenty-seven-year sentence.

*See Bookwalter v. State*, 22 N.E.3d 735, 742 (Ind. Ct. App. 2014) (citing *Richardson*, 717 N.E.2d at 54-55), *trans. denied*.

# III. Sentencing

[22] Finally, Hunter claims the trial court erred in sentencing him by failing to find as a mitigating circumstance that his incarceration would impose a hardship on his children. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Id*.

[23] The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. Further, the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proposed mitigating factor as does the defendant. *Id.* An allegation that the trial court failed to find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* Specifically, a trial court is not required to find that a defendant's incarceration would result in undue hardship on his dependents. *Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), *trans. denied*. "Many persons convicted of crimes have dependents and, absent

special circumstances showing that the hardship to them is 'undue,' a trial court does not abuse its discretion by not finding this to be a mitigating factor." *Id.*

[24] Although the trial court did not afford this mitigating factor the weight Hunter believes it deserves, it is clear from the transcript of the sentencing hearing that the trial court considered his claimed concern for the impact that his incarceration would have on his children. Both of the mothers of Hunter's three children testified that Hunter supports the children financially and that the children would miss him. However, Hunter has not been court-ordered to pay child support, and both mothers testified that they are employed and have been employed in their respective positions for six years. While Hunter's children may suffer some hardship, both financially and emotionally, due to his imprisonment, this is true of most, if not all, dependents of incarcerated persons. *See Vazquez v. State*, 839 N.E.2d 1229, 1234 (Ind. Ct. App. 2005) (stating that, "jail is always a hardship on dependents"), *trans. denied*. The materials available on appeal do not indicate any special circumstances demonstrating that the hardship to Hunter's children will be unusual. Thus, the trial court did not abuse its discretion by failing to find this as a mitigating circumstance.

## Conclusion

[25] For the reasons stated, we conclude Hunter waived the issue of the trial court's admission of Exhibits 2, 4, and 8, and, waiver notwithstanding, any resulting error was harmless. Further, Hunter's conviction of maintaining a common

nuisance violates our state's double jeopardy clause and must be vacated. Finally, the trial court did not err by determining the hardship to Hunter's dependents did not qualify as a mitigating circumstance.

[26] Affirmed in part and reversed and remanded in part with instructions to the trial court to vacate Hunter's conviction of maintaining a common nuisance.

Pyle, J., and Altice, J., concur.