## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 07 2018, 10:33 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

T. Andrew Perkins
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dewayne Van Alstine, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 7, 2018 <br><br> Court of Appeals Case No. 18A-CR-1555 <br><br> Appeal from the Fulton Circuit Court <br><br> The Honorable A. Christopher Lee, Judge <br><br> Trial Court Cause No. 25C01-1701-F1-30 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Dewayne Cloyce Van Alstine Jr.[1] appeals the trial court's denial of his motion to withdraw his guilty plea. We affirm.

# Facts and Procedural History

[2] One night in January 2017, Van Alstine, who was on parole, and Amanda Lace got into an argument about Amanda's infidelity while he was incarcerated. When Amanda did not give Van Alstine an answer that he liked, Van Alstine pushed her down and kicked her in the ribs and face. Van Alstine then poured beer on Amanda. When Amanda got in the shower to wash off the beer, Van Alstine entered the bathroom and said he should kill her. Van Alstine then stabbed Amanda through the shower curtain with a twelve-inch knife, slicing Amanda's arm as she raised it to cover her face. Van Alstine then opened the shower curtain and hit Amanda above her left eye with the handle of the knife, causing a laceration. When Amanda fell down in the shower, Van Alstine threw a ball-peen hammer at her legs, causing an injury to her left knee. While Amanda was still down, Van Alstine kicked her face, injuring her nose. When Amanda was finally able to run out the back door, Van Alstine again said he was going to kill her. Amanda flagged down a passing car and was taken to the hospital, where she received stitches above her left eye, in her lip, and on her

---

[1] The majority of the documents in this case spell the defendant's last name as "Vanalstine," but it is clear from the defendant's own signature that his last name is Van Alstine. *See* Appellant's App. Vol. II pp. 41, 44.

left knee and a staple to the back of her head. Amanda also had a broken nose and bruising on her body.

[3] The State charged Van Alstine with Level 1 felony attempted murder and Level 3 felony aggravated battery. On April 3, 2018, two weeks before jury trial was set to begin, Van Alstine and the State entered into a plea agreement. According to the plea agreement, Van Alstine would plead guilty to attempted murder and the State would dismiss aggravated battery. In addition, Van Alstine would "receive a sentence of 20 years to the Indiana Department of Correction[] none of which shall be suspended[.]" Appellant's App. Vol. II p. 44.

[4] That same day, a guilty-plea hearing was held. The trial court advised Van Alstine of his rights, read him the attempted-murder charging information, and advised him of the penalties.[2] The State established the factual basis for attempted murder by reading Van Alstine the charging information, and Van Alstine said the information contained in the charging information was "factually true." Tr. p. 20. The State asked the trial court to take judicial notice of the probable-cause affidavit, and defense counsel said he had no objection.

---

[2] The charging information for attempted murder provides:

> On or about January 17, 2017, in Fulton County, State of Indiana, DeWayne Cloyce Vanalstine Jr., did attempt to commit the crime of murder by knowingly or intentionally stabbing, verbally threatening to kill Amanda Lace and striking Amanda Lace, said conduct constituting a substantial step toward the commission of the crime of murder, to knowingly or intentionally kill another human being.

Appellant's App. Vol. II p. 12.

The court then found that Van Alstine's guilty plea was "freely and voluntarily made" and that there was a factual basis to support it, namely, Van Alstine's testimony and the probable-cause affidavit. *Id.* at 21. Accordingly, the court vacated the jury trial and scheduled a sentencing date. Appellant's App. Vol. II p. 46.

[5] On June 14, 2018, before sentencing, Van Alstine filed a motion to withdraw his guilty plea alleging that "it is **fair and just** for the Court to allow me to withdraw my previous plea of guilty for the following reasons":

> a. That at the time that I entered into this plea I felt that it was in my best interests.
>
> b. However I did not intend to murder Amanda Lace.
>
> c. That I have maintained this throughout all consultations with my attorney.
>
> d. Consequently, although I thought at the time it may be best to take the plea as offered by the State, I know that in reality it is not best for me because I was not attempting to murder Amanda Lace and I cannot go forward with this plea of guilty in good consci[ence].

*Id.* at 166 (emphasis added).

[6] The next day, the trial court held a hearing on Van Alstine's motion. It was not an evidentiary hearing; rather, the parties presented argument only. *See* Tr. p. 25 (defense counsel telling trial court he was not going to present any evidence

and was going to "confine it to argument").[3] Defense counsel explained that Van Alstine's motion was based "on the discretionary power of the Court" to allow a defendant to withdraw his guilty plea for "any fair and just reason." *Id.* at 27. Defense counsel told the court that Van Alstine "has always maintained to me that . . . he was not attempting to kill Amanda Lace." *Id.* at 28. In addition, defense counsel said Van Alstine "took the plea of guilty comparing what the plea agreement was, versus the possible ramifications, but as he has thought more about this from the date that he has entered his plea he cannot, in his own good consc[ience], go forward with that, because . . . he was not attempting to kill Amanda Lace." *Id.* The State argued that there was no fair and just reason to allow Van Alstine to withdraw his guilty plea because it was apparent that he "just want[ed] to change his mind." *Id.* at 31. The court denied Van Alstine's motion, finding that there was "no fair and just reason to allow [Van Alstine] to withdraw his plea." Appellant's App. Vol. II p. 168. The court then accepted Van Alstine's guilty plea, entered judgment of conviction, and sentenced him to twenty years.

[7] Van Alstine now appeals.

---

[3] The State did admit into evidence photos of Amanda's injuries, the sliced shower curtain, and the knife. *See* Exs. 2-5.

# Discussion and Decision

[8]     Van Alstine contends that the trial court should have allowed him to withdraw his guilty plea. The withdrawal of a guilty plea before the imposition of a sentence is governed by Indiana Code section 35-35-1-4, which provides:

> (b) After entry of a plea of guilty . . . but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty . . . made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Thus, the trial court "shall allow" a defendant to withdraw his guilty plea if the defendant proves it is "necessary to correct a manifest injustice." Ind. Code § 35-35-1-4(b); *see also Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). In all other cases, the trial court "may allow" the withdrawal of the guilty plea for "any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." I.C. § 35-35-1-4(b); *Brightman*, 758 N.E.2d at 44. The defendant "has the burden of establishing his grounds for relief by a preponderance of the evidence." I.C. § 35-35-1-4(e).

[9] On appeal, Van Alstine argues that withdrawal of his guilty plea "was required to correct a manifest injustice" because he was not advised at his guilty-plea hearing that specific intent is an element of attempted murder. *See Patton v. State*, 810 N.E.2d 690, 696-97 (Ind. 2004) (holding that a defendant who pleads guilty must have notice that specific intent is an element of attempted murder but that the failure to advise a defendant that specific intent is an element will constitute harmless error "where, during the course of the guilty plea or sentencing hearings, the defendant unambiguously admits to, or there is other evidence of, facts that demonstrate specific intent beyond a reasonable doubt"). The State argues that Van Alstine has waived this issue for review because he made a different argument below. *See Hunter v. State*, 72 N.E.3d 928, 932 (Ind. Ct. App. 2017) ("Any grounds for objections not raised at trial are not available on appeal, and a party may not add to or change his grounds in the reviewing court."), *trans. denied*.

[10] Van Alstine's motion below specified only that he was asserting a "fair and just reason" to withdraw his guilty plea, and defense counsel told the trial court that the motion was being made for that reason only. As set forth above, it is within a trial court's discretion to grant a motion based on a "fair and just reason," while a trial court **must** grant a motion based on a "manifest injustice." *See* I.C. § 35-35-1-4(b). Defense counsel then explained that as Van Alstine had thought more about his guilty plea, he could not "in his own good consc[ience], go forward with that, because . . . he was not attempting to kill Amanda Lace." Tr. p. 28. Defense counsel highlighted that Van Alstine had "always"

maintained to him that he was not attempting to kill Amanda. *Id.* At no point did defense counsel argue that Van Alstine had not been advised that specific intent is an element of attempted murder. In essence, Van Alstine claimed that he did not commit attempted murder. *See Carter v. State*, 739 N.E.2d 126, 130 (Ind. 2000) (holding that when a defendant asserts innocence at sentencing after having pled guilty, it is within a trial court's discretion to grant or deny the motion to withdraw because "[t]here is a substantive difference between a defendant who maintains innocence but asks the court to impose punishment without trial, and one who concedes guilt in one proceeding but contradicts that admission by claiming innocence in a later proceeding"). Thus, there was no discussion as to whether Van Alstine had notice that specific intent is an element of attempted murder. *Cf. Patton*, 810 N.E.2d at 698 (in concluding that Patton did not have notice that specific intent is an element of attempted murder, our Supreme Court pointed out that defense counsel testified that he did **not** advise Patton that specific intent is an element of attempted murder). As a result, the trial court never had an opportunity to consider the fact-sensitive argument that Van Alstine now makes. Van Alstine has thus waived this issue for appeal by not raising it below. *See Hunter*, 72 N.E.3d at 932 ("The argument Hunter makes on appeal is independent of and outside the specific subject matter of the objection that was before the trial court. [Thus,] the trial court never had an opportunity to consider the argument Hunter now makes to this Court. Therefore, Hunter has waived this issue for appeal by not raising it at trial."). If Van Alstine believes that he did not have notice that specific intent

to kill Amanda is an element of attempted murder, he is free to make that claim in a petition for post-conviction relief, where the record can be developed.

[11] Affirmed.

Riley, J., and Kirsch, J., concur.