## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2018, 11:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marteze Armondo Butler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 21, 2018

Court of Appeals Case No.
18A-CR-1399

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1710-F6-992

**Pyle, Judge.**

# Statement of the Case

[1] Marteze Butler ("Butler") appeals his conviction, following a jury trial, of Level 6 felony auto theft.[1]  Butler argues that the trial court abused its discretion when it denied his motion to exclude the testimony of four witnesses regarding what they observed on an unavailable surveillance video.  Finding no error, we affirm the trial court's decision.

[2] We affirm.

# Issue

> Whether the trial court abused its discretion when it allowed four witnesses to testify about the contents of an unavailable surveillance video.

# Facts

[3] On October 20, 2017, David Thorpe ("Thorpe") parked his car in a parking space at a Discount Liquor store in South Bend.  He left his keys, cell phone, checkbook, and registration inside the car while he went inside the store to purchase liquor.  Thorpe left the liquor store and realized that his car was no longer in the parking space.  He went back inside Discount Liquor and told the store clerk, Inderbut Singh ("Singh"), and the store's security guard, Javon

---

[1] IND. CODE § 35-43-4-2.5(b)(1) (repealed, effective July 1, 2018).  The jury also found Butler guilty of Class A misdemeanor conversion, but the trial court dismissed this conviction citing "double jeopardy" reasons at sentencing.  (Tr. 181).

Scruggs ("Scruggs"), what had happened. The three men watched the surveillance video recorded by a camera outside the store. The camera was located on the side of the building and pointed directly at the location where Thorpe had parked his car. In the surveillance video, Thorpe, Singh, and Scruggs observed an individual with a distinctive hairstyle wearing a brown jacket and blue jeans enter Thorpe's car and drive off in it. Scruggs, who had worked for the liquor store for nine years, recognized that the brown jacket from the surveillance video belonged to a regular customer who lived in a nearby apartment complex, but he could not remember the customer's name.

[4] Thorpe called the police, and South Bend Police Department Officer Benjamin Canarecci ("Officer Canarecci") arrived at the store. Officer Canarecci reviewed the surveillance video and spoke with Thorpe, Singh, and Scruggs. Scruggs informed Officer Canarecci that he believed the individual in the video lived in a nearby apartment complex. Neither Singh nor Scruggs were able to download the surveillance video for Officer Canarecci that night. Singh told Officer Canarecci that the owners of the store would download the video and give it to the police at a later time.

[5] Officer Canarecci left the store and drove to the nearby apartment complex and patrolled the area. He located Thorpe's car in the apartment complex parking lot. Thereafter, Officer Canarecci observed Butler walking in the area, wearing the same clothes as the individual in the surveillance video. Officer Canarecci ordered Butler to stop, but Butler kept walking, took off his brown jacket, and threw it in the grass. Officer Canarecci arrested Butler, collected the brown

jacket as evidence and took Butler back to the liquor store. Singh and Scruggs identified Butler as the individual they observed in the surveillance video stealing Thorpe's car.

[6] On October 23, 2017, the State charged Butler with Level 6 felony auto theft, and Class A misdemeanor conversion. On two occasions, the State requested the liquor store's surveillance video, but it was informed that the store's owners had not given the tape to the police. Eventually, the police obtained the surveillance video. However, the video "ended up being messed up, or [the police] didn't do something right." (Tr. 65). The video was either lost or destroyed and was not entered into evidence at Butler's trial.

[7] On the morning of Butler's jury trial, defense counsel filed a written motion to exclude the testimony of Thorpe, Singh, Scruggs, and Officer Canarecci ("State's witnesses") regarding their observations from the surveillance video. Counsel specifically argued that this evidence violated Indiana Evidence Rules 1004, 1002, 403, and Butler's federal and state constitutional rights to confront the witnesses against him. Citing Indiana Evidence Rule 1004, the trial court denied Butler's motion to exclude the testimony. The trial court explained:

> It's unfortunate -- this is why cases are lost because the police in their job of investigating offenses don't follow through. But I don't see that the police acted in bad faith. I don't see that the State acted in bad faith.

(Tr. 10). Thereafter, the State's witnesses each testified at trial and recounted what they had seen in the recording.[2] They described seeing Butler, who was wearing a brown jacket, jeans, and had distinctive hair, enter Thorpe's car and drive off. The jury found Butler guilty of both counts. He was sentenced to time served for the Level 6 felony conviction and the trial court dismissed the Class A misdemeanor citing "double jeopardy" reasons. (Tr. 181). Butler now appeals.

## Decision

[8] Butler maintains that the trial court abused its discretion when it allowed four witnesses to testify about the contents of an unavailable surveillance video. Specifically, Butler contends that the State's witnesses' testimony was admitted in violation of his due process rights because the State failed to preserve the surveillance video upon which their testimony is predicated.

[9] The admission and exclusion of evidence falls within the sound discretion of the trial court, and we review the admission of evidence only for an abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and

---

[2] In open court, the trial court denied Butler's motion to exclude. As a result, it noted his continuing objection to the witnesses' testimony throughout the trial.

effect of the facts and circumstances before it. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012), *reh'g denied*.

[10] The State argues that Butler has waived appellate review of his admission of evidence issue because he did not object at trial on the same grounds that he raises on appeal. We agree.

[11] "A claim of evidentiary error may not be raised for the first time on appeal but rather must first be presented at trial[.]" *Hunter v. State*, 72 N.E.3d 928, 932 (Ind. Ct. App. 2017), *trans. denied*. "The failure to make a contemporaneous objection to the admission of evidence at trial, so as to provide the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced, results in waiver of the error on appeal." *Brown v. State*, 783 N.E.2d 1121, 1125 (Ind. 2003). Additionally, "[a]ny grounds for objections not raised at trial are not available on appeal, and a party may not add to or change his grounds in the reviewing court." *Hunter*, 72 N.E.3d at 932.

[12] Here, Butler's trial court objection was based on Indiana Evidence Rules 1004, 1002, 403, and federal and state constitutional rights to confront the witnesses against him. On appeal, his challenge is based on a denial of due process. Because Butler objected based on different grounds than he now raises on appeal, he has waived review of his appellate argument regarding this testimony. *See, e.g.*, *Hunter*, 72 N.E.2d at 932 (holding that grounds for objection not raised at trial are unavailable on appeal).

[13] Waiver notwithstanding, we disagree with Butler's argument that the admission of the State's witnesses' testimony concerning their observations from the surveillance video violated his due process rights because the State failed to preserve the video. He contends that the surveillance video "would have been materially exculpatory, or at the very least, potentially useful evidence and that the State acted in bad faith in failing to preserve this evidence." (Butler's Br. 7).

[14] Generally, "[a]n original writing, recording, or photograph is required to prove its content[,]" unless the Rules of Evidence or a statute provide otherwise. Ind. Evid. R. 1002. Indiana Evidence Rule 1004 provides as follows:

> An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if: (a) *all originals are lost or destroyed, and not by the proponent acting in bad faith*; (b) an original cannot be obtained by any judicial process; (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or (d) the writing, recording, or photograph is not closely related to a controlling issue.

(emphasis added) (format altered). At the outset we note that the trial court was correct in finding that Indiana Evidence Rule 1004 was applicable. Here, the surveillance video was either lost or destroyed and was not available for trial. It was permissible for Thorpe, Singh, Scruggs, and Officer Canarecci to testify about what they observed on the video because it was within their personal knowledge. *See Pritchard v. State*, 810 N.E.2d 758, 760-61 (Ind. Ct. App. 2004) (permitting the testimony recounting what witnesses saw on a jail

surveillance video that was unavailable at trial because the testimony was within the personal knowledge of the witnesses).

[15] It is well settled that a criminal defendant has the right to examine physical evidence in the hands of the State. *Roberson v. State*, 766 N.E.2d 1185, 1187 (Ind. Ct. App. 2002), *reh'g denied*, *trans. denied*. The State's failure to preserve such evidence may, under certain circumstances, constitute the denial of due process. *Id.* To determine whether a failure to preserve evidence deprives the defendant of due process, we first determine whether the evidence at issue was "'potentially useful evidence'" or "'materially exculpatory evidence.'" *Id.* (quoting *Chissel v. State*, 705 N.E.2d 501, 504 (Ind. Ct. App. 1999), *trans. denied*).

[16] If the evidence was only potentially useful, the defendant must establish bad faith on the part of the State. *Albrecht v. State*, 737 N.E.2d 719, 724 (Ind. 2000) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)), *reh'g denied*. "The United States Supreme Court has described potentially useful evidence as 'evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.'" *Roberson*, 766 N.E.2d at 1199 (quoting *Youngblood*, 488 U.S. at 57). To meet the standard of being "materially exculpatory," the evidence at issue "'must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *Albrecht*, 737 N.E.2d at 724 (quoting *Holder v. State*, 571 N.E.2d 1250, 1255 (Ind. 1991)). "Exculpatory" evidence has been defined as "'[c]learing or tending to clear from alleged fault

of guilt; excusing.'" *Albrecht*, 737 N.E.2d at 724 (quoting *Samek v. State*, 688 N.E.2d 1286, 1288 (Ind. Ct. App. 1997), *reh'g denied*, *trans. denied*).  Unlike merely potentially useful evidence, the State's good or bad faith in failing to preserve materially exculpatory evidence is immaterial.  *Roberson*, 766 N.E.2d at 1188.

[17]  Turning to Butler's first argument, we disagree that the surveillance video was potentially useful.  Three of the State's witnesses similarly testified about the clothing and appearance of Butler based on their viewings of the surveillance video, describing him as an individual with a distinctive hairstyle wearing a brown jacket and blue jeans.  Two of the State's witnesses identified Butler the same evening of the theft.  The witnesses also positively identified Butler and his brown jacket at trial.  We cannot say that the surveillance video might have exonerated Butler.

[18]  Even assuming the surveillance video was potentially useful, Butler has failed to carry his burden of demonstrating bad faith on the part of the State.  Bad faith is defined as being "'not simply bad judgment or negligence, but rather implies the conscious doing of wrong because of dishonest purpose or moral obliquity.'" *Samek*, 688 N.E.2d at 1289 (quoting BLACK'S LAW DICTIONARY 139 (6th ed. 1990)).  Our review of the record reveals that the handling and collection of the evidence in this case was certainly not a perfect example of law enforcement procedure.  Indeed, even the State acknowledges that "[a]t most, [Butler] could accuse the police of negligence in failing to ensure the preservation of the

surveillance video." (State's Br. 17). However, nothing in the record suggests any conscious doing of wrong by the State.

[19] Butler next argues that the surveillance video was materially exculpatory. We disagree. While a defendant is not required to prove conclusively that the destroyed evidence was exculpatory, there must be some indication that the evidence was exculpatory. *Chissell*, 705 N.E.2d at 504. We cannot assume that the destroyed evidence contained exculpatory material when the record is devoid of such indication. *Id*. Here, the record is devoid of any indication that the surveillance video was exculpatory, and Butler provides no evidence of such.[3] We conclude that the surveillance video does not rise to the level of materially exculpatory evidence. Accordingly, we find that Butler has failed to prove a due process violation, and we conclude that the trial court did not abuse its discretion by allowing the State's witnesses to testify.

[20] Affirmed.

Najam, J., and Crone, J., concur.

---

[3] Our appellate rules require that each contention made in the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning." Ind. Appellate Rule 46(A)(8)(a). In his brief, Butler failed to satisfy Indiana Appellate Rule 46's requirement of providing a cogent argument by failing to provide citation to relevant authority. This hindered our review and resulted in waiver of appellate review of his argument. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (waiving a defendant's sentencing argument where he failed to provide a cogent argument).