## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2020, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Appellate Division
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cynequia Latria Glover, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | April 20, 2020 |
| | Court of Appeals Case No. 19A-CR-2572 |
| | Appeal from the Lake Superior Court |
| | The Honorable Clarence D. Murray, Judge |
| | Trial Court Cause No. 45G02-1610-MR-3 |

**Kirsch, Judge.**

[1] Following her guilty plea to voluntary manslaughter,[1] Cynequia Latria Glover ("Glover") was sentenced to twenty years in the Indiana Department of Correction with two years suspended to probation. Contending that the trial court abused its discretion by failing to recognize mitigating circumstances and that her sentence is inappropriate, she now appeals.

[2] We affirm.

## Facts and Procedural History

[3] In the early morning hours of October 8, 2016, Glover and Dan Hardy ("Hardy") returned to the residence they shared in Gary, Indiana. They began to argue, and the altercation became physical. During the argument, Glover stabbed Hardy in the abdomen with a knife. Hardy died shortly thereafter.

[4] On October 9, 2016, the State charged Glover with murder. On June 3, 2019, the State amended the charging information to add one count of voluntary manslaughter, a Level 2 felony. *Appellant's Conf. App. Vol. II* at 119. At that time, the State and Glover entered into a "stipulated plea and agreement." *Id.* at 120-22. Pursuant to that plea agreement, Glover pleaded guilty to Level 2 felony voluntary manslaughter, and the State dismissed the murder charge. *Id.* at 120-22, 139-40. On October 2, 2019, the trial court, finding that the aggravating circumstances outweighed the mitigating circumstances, sentenced

---

[1] *See* Ind. Code § 35-42-1-3(a).

Glover to twenty years in the Indiana Department of Correction with two years suspended to probation. *Id*. at 164-65. Glover now appeals.

## Discussion and Decision

[5] Sentencing decisions are reviewed for an abuse of discretion. *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013) (citing *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *reh'g granted on other* grounds, 875 N.E.2d 218 (Ind. 2007)). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A court will abuse its discretion by failing to enter a sentencing statement, relying on aggravating or mitigating factors that are not supported by the record, failing to find factors advanced by the parties and clearly supported by the record, or relying on factors that are invalid as a matter of law. *Anglemyer*, 868 N.E.2d at 490-91. The trial court has no obligation to "properly weigh" these factors, and the weight given to such factors is no longer subject to appellate review *Id*. at 491.

[6] Glover argues that the trial court abused its discretion when it sentenced her because it ignored several significant mitigating circumstances. Here, the trial court found that the nature and circumstances of the crime was a significant aggravating factor and noted that: (1) the crime was committed in the parties' residence with Glover's children and Hardy's seventeen-year-old brother present; (2) the incident was fueled by drugs and alcohol; and (3) Glover is "volatile" and has "destructive anger management" issues. *Appellant's Conf. App. Vol. II* at 164. The trial court found the following mitigating

circumstances: (1) Glover had no history of criminal activity and had led a law-abiding life for a substantial period before commission of the crime; (2) imprisonment of Glover will result in undue hardship to her dependents; (3) Glover pleaded guilty, thus saving the court and the taxpayers the time and expense of a trial; and (4) completed a number of self-betterment courses while incarcerated. *Id.* The trial court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced Glover.

[7] The trial court did not fail to take into consideration evidence that Glover was not likely to reoffend because, although she had no criminal history, this mitigating circumstance was not supported by the record. The trial court reviewed the presentence report that placed Glover in the moderate risk category to re-offend. *Id.* at 152. However, evidence was presented at the sentencing hearing that Glover had been violent in the past when she was involved in an incident with the father of her three children, where she allegedly stabbed him, but he refused treatment because he did not want the mother of his children to go to jail. *Tr. Vol. 3* at 9, 12-13, 14, 15. The police had been called to their house before when they had "gotten into situations" "probably a little bit more" than two times. *Id.* at 15. The trial court did not abuse its discretion because there was no evidence that clearly supported that Glover would not continue with this pattern of violent behavior.

[8] The trial court did not fail to recognize grounds tending to excuse or justify the crime as a mitigating factor. At the sentencing hearing, the trial court stated "under any reasonable evaluation of this case, there is no justifiable reason for

what you did. None that I can see." *Id*. at 31. The trial court further stated, "I have no reason to believe that your life or your physical safety was in issue at the time you committed this act." *Id*. Therefore, the trial court looked at the facts presented and came to the conclusion that this mitigating factor was not significant. Further, Glover pleaded guilty to voluntary manslaughter. By doing so, she admitted that (1) she had not acted in self-defense and (2) had knowingly or intentionally killed Hardy while acting under sudden heat. *See* Ind. Code § 35-42-1-3(a).

[9] There is also no evidence that the trial court failed to recognize that Glover would respond positively to short term incarceration. The presentence investigation indicated that a letter was sent to Lake County Community Corrections requesting the defendant be evaluated, but there was no response. *Appellant's Conf. App. Vol. II* at 153. No evidence was presented to support this challenged mitigator other than Glover's counsel's statement, "She will respond positively to shorter term incarceration" and a letter defense counsel sent to community corrections confirming a conversation she had regarding Glover's potential acceptance into community corrections. *Tr. Vol. 3* at 26-27; *Appellant's Conf. App. Vol. II* at 126. Although Glover had no criminal history, there was evidence presented that this was not the first time that she had been involved in violent domestic disputes, and her volatile behavior had occurred in the past. The trial court did not have substantial evidence that Glover would respond to short term incarceration.

[10] Glover also contends that the trial court did not consider her remorse as a mitigating factor. The trial court heard Glover's statement at the sentencing hearing, in which she expressed her remorse. *Tr. Vol. 3* at 29-30. We give substantial deference to the trial court's evaluation for remorse because the trial court may observe the defendant and is therefore in the best position to determine whether the remorse is genuine. *Webb v. State*, 941 N.E.2d 1082, 1089 (Ind. Ct. App. 2011) (citing *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004)), *trans. denied*. The court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proposed mitigating factor as does the defendant. *Hunter v. State*, 72 N.E.3d 928, 935 (Ind. Ct. App. 2017), *trans. denied*. Here, the trial court did not abuse its discretion when it did not find Glover's remorse to be a significant mitigating circumstance. We, therefore, conclude that the trial court did not abuse its discretion when it sentenced Glover.

[11] Glover also argues that her sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We independently examine the nature of Glover's offense and his character under Appellate Rule 7(B) with substantial deference to the trial

court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*. Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Glover bears the burden of persuading us that her sentence is inappropriate. *Id.*

[12] Glover's sentence is not inappropriate in light of the nature of the offense and her character. As to the nature of the offense, Glover admitted that she and Hardy had a volatile relationship, particularly when they used drugs and alcohol, and that, on the night in question, she had grabbed a knife and stabbed Hardy in the abdomen during an argument. Glover committed this crime when three of her children and Hardy's brother, who was also under the age of eighteen, were present in the residence.

[13] As to Glover's character, the trial court described her as volatile due to destructive anger management issues. This crime happened when children were in the home, which shows that Glover had complete disregard for what the children could possibly observe and the long-lasting effects on them if they witnessed this violence. There is evidence that Glover had been involved in an altercation in the past that caused injury but was never arrested, and police had been called to the residence on previous occasions to deal with domestic

disturbances. Glover also admitted to a police officer the night of the incident that she "needs counseling for her anger issues but has never sought counseling." *Appellant's Conf. App. Vol. II* at 76. Glover was aware of her propensity to become violent and angry, but she only sought out help and treatment after she was incarcerated. *Ex. Vol. 4* at 7. We conclude that Glover's twenty-year-sentence with two years suspended to probation is not inappropriate in light of the nature of the offense and her character.

[14] Affirmed.

Bailey, J., and Mathias, J., concur.