James **PHILLIPS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0608–CR–432.

Court of Appeals of Indiana.

July 12, 2007.

Adam M. Dulik, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

James Phillips appeals the three-year-sentence he received after pleading guilty to resisting law enforcement as a class D felony, battery as a class D felony, and intimidation as a class D felony. We affirm.

### Issue

Phillips raises three issues, which we consolidate and restate as whether the trial court abused its discretion in sentencing him.

### Facts and Procedural History

On January 31, 2006, Indianapolis Police Department Officer Adam Novak observed a car recently reported as stolen traveling southbound on South Keystone Avenue. Officer Novak turned on his lights and siren and pursued the car. The driver, later identified as Phillips, parked in an alley and jumped out of the car. He ran away from Officer Novak, even after the officer identified himself visually or audibly and ordered Phillips to stop. When Officer Novak caught up to Phillips, he ordered him to get on the ground. Phillips and the officer began fighting, and several other officers arrived and helped Officer Novak subdue Phillips. During this struggle, Phillips kicked Officer Novak in the shin. After Phillips was handcuffed, he threatened to spit blood in Officer Novak's face and to "fuck [him] up." Appellant's App. at 21.

The State charged Phillips with one count each of class D felony auto theft and class D felony intimidation, three counts of class D felony resisting law enforcement, two counts of class D felony battery, and two counts of class A misdemeanor resisting law enforcement. On June 26, 2006, pursuant to a plea agreement with the State, Phillips agreed to plead guilty to one count of class D felony resisting law enforcement, one count of class D felony battery, and one count of class D felony intimidation. In exchange, the State agreed to dismiss the other charges, and sentencing was left open to the court, with a minimum of two years executed and a maximum of three years executed. On July 17, 2006, the trial court sentenced Phillips to three years executed on each

count, with the sentences to be served concurrently. Phillips now appeals.

## Discussion and Decision

Phillips argues that the trial court abused its discretion in sentencing him. Specifically, he claims that the trial court improperly weighed the aggravating and mitigating circumstances, that its sentencing statement was incomplete, and that it failed to consider one significant mitigating circumstance. First, we note that Phillips's arguments are based upon cases decided when the presumptive sentencing scheme was in effect in Indiana. As pointed out by the State, Phillips's crime, conviction, and sentencing occurred after April 25, 2005, which was the effective date of the advisory sentencing scheme.

Pursuant to the new sentencing guidelines, a trial court is permitted to impose any sentence regardless of the presence or absence of aggravators or mitigators. Ind. Code § 35–38–1–7.1(d). Pursuant to Indiana Code Section 35–50–2–7, "[a] person who commits a class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years." Also, the trial court is required to issue "a statement of the court's reasons for selecting the sentence that it imposes" *if* it finds aggravating or mitigating circumstances. Ind.Code § 35–38–1–3(3).[1]

■ Our supreme court recently provided guidance regarding our review of sentences ordered pursuant to the current sentencing scheme:

> We conclude that under the new statutory regime Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felo-

ny offense.... [T]he statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating.

. . . .

Because the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-*Blakely* statutory regime, a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

*Anglemyer v. State,* 868 N.E.2d 482, 490–91 (Ind.2007). The court further explained that a trial court may abuse its discretion if it enters a sentencing statement that includes reasons for imposing a sentence—including the court's finding of aggravators and mitigators if any—and the record does not support those reasons. *Id.* at 490–91. Also, a reviewing court may find error if the trial court omits reasons clearly supported by the record and argued by the defendant at sentencing. *Id.*

Prior to imposing sentence upon Phillips, the trial court stated:

> Okay, Mr. Phillips, looking at your criminal history, the Court notes as mitigating circumstances, he has taken responsibility by his plea of guilty. The Court notes his aggravating circumstances, [criminal] history is pretty extensive going back to his first juvenile when he was thirteen (13). Looking

---

1. Effective July 1, 2007, a trial court is required, when pronouncing a sentence for *any felony conviction,* to issue a statement of the court's reasons for selecting the sentence that it imposes. *See* Ind.Code § 35–38–1–1.3.

just at the adult offenses; conviction for battery on an officer in August in 1984; resisting, fleeing in February of 1987; promoting prostitution first felony conviction November of 1987; resisting law enforcement, again, August of 1988; battery on a police officer June of 1988, second felony conviction auto theft of April of 1989; third felony conviction for burglary May of 1993; Defendant given an opportunity to reform behavior, probation being revoked; battery conviction August of 1994; theft conviction June of 1994; battery on an officer, again; on March of 1995, sixth felony conviction; January of 1996, sevent[h] felony conviction, operating a motor vehicle under the influence of alcohol; eighth felony conviction, dealing in a substance represented to be a control[led] substance in November, 2002; domestic battery June of 2002; another domestic battery in January of 2003; ninth felony conviction, again, for resisting law enforcement, again, Defendant given an opportunity for probation in May, 2004. This would be the Defendant's tenth felony conviction. Given that the Defendant repeatedly gets involved with the same activity in terms of fighting and resisting police officers, nothing seems to have changed his behavior up to this point, whether it was probation, suspended sentences, and other opportunities. The Court does sentence the Defendant to three (3) years in the Department of Corrections. Tr. at 18–19.

■ The trial court recognized one mitigator—Phillips's guilty plea—and one aggravator—his extensive criminal history—and properly issued a statement explaining its reasons for imposing a three-year sentence. Phillips claims that the trial court should have assigned more mitigating weight to his guilty plea. As noted above, we may not review the trial court's weighing of aggravators and mitigators. Therefore, Phillips's argument must fail.[2]

■ Regarding the sentencing statement itself, Phillips claims that the trial court failed to articulate its balancing of aggravating and mitigating circumstances. Again, Phillips's argument is moot because it is based upon outdated caselaw. When we address the propriety of the trial court's sentencing statement in light of *Anglemyer*, the relevant question is whether the record supports the reasons cited by the trial court for imposing a three-year sentence. Obviously, Phillips's guilty plea is undisputed and supported by the record. *See* Appellant's App. at 38. As for his criminal history, Phillips has nine prior felony convictions, several of which involved battery against police officers and resisting law enforcement. The trial court was clearly troubled, as are we, by this high number of offenses and the repetitive nature of Phillips's crimes against police. The trial court also noted that Phillips had violated probation in the past. In sum, Phillips's criminal history was supported by the record, and therefore, we find no abuse of discretion.

■ Finally, Phillips argues that the trial court abused its discretion in failing to consider undue hardship as a significant mitigating circumstance. At sentencing, he testified that his thirteen-year-old daughter lived with him before his incarceration and that he had been her sole provider since the death of her mother in

2. As an aside, we note that Phillips in fact received a significant benefit from his plea agreement. The State dismissed the remaining four class D felony charges in this case, and the available sentencing range under the agreement did not allow for consecutive sentences.

2005. His testimony conflicts with information from the presentence investigation report, which states that Phillips "does not financially support [his daughter]." Presentence Investigation Report at 14. He also stated that he performed "odd jobs" for his mother-in-law, who has heart problems, but he offered no detail as to the types of work he does for her or how she would suffer undue hardship if he were incarcerated. Tr. at 13. Our supreme court has said, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind.1999). Because the record does not clearly support a finding of undue hardship, the trial court was well within its discretion in not considering it as a significant mitigating circumstance.

Affirmed.

BAKER, C.J., and FRIEDLANDER, J., concur.