# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2020, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Glen E. Koch
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Brandon J. Hunt,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff,*

January 17, 2020

Court of Appeals Case No.
19A-CR-1608

Appeal from the Morgan Superior Court

The Honorable Peter R. Foley, Judge

Trial Court Cause No.
55D01-1808-F3-1276

**Robb, Judge.**

# Case Summary and Issue

[1] Brandon Hunt pleaded guilty to one count of battery by means of deadly force, a Level 5 felony, and was sentenced to three years to be served in the Indiana Department of Correction ("DOC"). Hunt appeals his sentence, raising one issue for our review: whether the trial court abused its discretion in sentencing him. Concluding the trial court did not abuse its sentencing discretion, we affirm.

# Facts and Procedural History

[2] Hunt and his girlfriend, Audree Carrender, had been living together for six years with their four children: Hunt has a daughter, Hunt and Carrender share a son, and Carrender has two children. On August 1, 2018, Carrender asked Christopher Minardo, Carrender and Hunt's mutual friend, for a ride home from work. When they arrived at the house, Carrender and Minardo sat and talked on the front porch. Approximately twenty minutes later, Hunt came from the back of the house, approached Minardo with a baseball bat, and hit him in the face, causing Minardo to lose five teeth and suffer a facial fracture.

[3] The State charged Hunt with aggravated battery, a Level 3 felony; battery by means of a deadly weapon, a Level 5 felony; resisting law enforcement, a Class A misdemeanor; and criminal mischief and disorderly conduct, both Class B misdemeanors. On March 11, 2019, Hunt appeared in court for a change of plea hearing. Pursuant to a written plea agreement, Hunt agreed to plead guilty

to battery by means of deadly force as charged and the State agreed to dismiss the remaining counts; sentencing was open to the trial court's discretion. The trial court took the matter under advisement pending completion of a pre-sentence investigation report and set a date for sentencing.

[4]     On June 10, 2019, the trial court held a sentencing hearing. There, Hunt testified that he is the "main provider for [his] family." Transcript at 48. Carrender testified that she is currently unemployed and Hunt "takes care of all of the bills." *Id.* at 51. Together, their expenses total approximately $1,400 per month. She furthered testified that she would probably lose her house if Hunt is incarcerated. The State requested the trial court sentence Hunt to a fully executed sentence of six years. Hunt did not request a certain term of years but asked to serve his sentence on home detention. After hearing the evidence and arguments of counsel, the trial court accepted the terms and conditions of the plea agreement, entered judgment of conviction as to battery by means of a deadly weapon, and dismissed the remaining charges.

[5]     In determining Hunt's sentence, the trial court considered Hunt's criminal history, including his juvenile record and previous probation violations, and the fact that he was on probation at the time of the instant offense as aggravating circumstances. As mitigating circumstances, the trial court found Hunt's guilty plea and his remorse. The trial court also outlined in its written sentencing statement "additional considerations" that were not specifically identified as aggravating or mitigating circumstances: (1) Hunt's propensity for violence; (2) his substance abuse problem; (3) his high risk of re-offending; and (4) his history

of probation violations and criminal history since 2007 suggesting he is a poor candidate for a suspended sentence. *See* Confidential Appellant's Appendix, Volume 2 at 106-07. Considering the aggravating, mitigating, and other circumstances, the trial court sentenced Hunt to an advisory sentence of three years to be served in the DOC.[1] Hunt now appeals. Additional facts will be supplied as necessary.

# Discussion and Decision

[6] Hunt contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). When a sentence is within the statutory range, it is subject to review only for abuse of discretion. *Id.* An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

[7] A trial court may abuse its sentencing discretion in a number of ways:

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by

---

[1] A Level 5 felony carries a fixed term of imprisonment between one and six years, with the advisory sentence being three years. *See* Ind. Code § 35-50-2-6(b).

the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

*Phelps v. State*, 24 N.E.3d 525, 527 (Ind. Ct. App. 2015). Hunt contends that he offered evidence of substantial hardship to his family due to his incarceration and the trial court abused its discretion in omitting this hardship as a mitigating circumstance.

[8] The finding of a mitigating circumstance is discretionary and therefore, the trial court is neither obligated to accept the defendant's argument as to what constitutes a mitigating circumstance nor required to give the same weight to a proffered mitigating circumstance as the defendant would. *Hunter v. State*, 72 N.E.3d 928, 935 (Ind. Ct. App. 2017), *trans. denied*. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493. "If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Id.* (citation omitted).

[9] In particular, a trial court is not required to find that a defendant's incarceration would result in undue hardship on his dependents. *Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), *trans. denied*. "Many persons convicted of crimes have dependents and, absent special circumstances showing that the hardship to

them is 'undue,' a trial court does not abuse its discretion by not finding this to be a mitigating factor." *Id*.

[10] Hunt and Carrender are the physical custodians of four children. The record indicates that Hunt has been the primary person carrying the financial burden for the family, but it does not indicate that his dependents will be entirely without assistance in his absence. At the sentencing hearing, Carrender testified that she is unemployed, but Hunt's pre-sentence investigation report shows she was employed a little over a month before the sentencing hearing, earning $400 per week. *See* Confidential Appellant's App., Vol. 2 at 80. Moreover, the evidence does not suggest that she is incapable of securing future employment. Over the short period of time of Hunt's incarceration, Carrender can obtain a job to ensure that the children are cared for and their needs are being met. Based on the evidence, Hunt has not shown that the proffered mitigating circumstance is significant and clearly supported by the record. *See, e.g.*, *Phillips v. State*, 869 N.E.2d 512, 516 (Ind. Ct. App. 2007) (holding that the trial court did not abuse its discretion in not considering "undue hardship" as a mitigating circumstance because defendant's claim that he had been the "sole provider" for his daughter since the death of her mother conflicted with information in his pre-sentence investigation report that he does not financially support her).

[11] We do not discount the negative impact of Hunt's incarceration on his children, his girlfriend, and other unrelated dependents, and we acknowledge his desire to support the family financially. However, a period of incarceration almost always poses a degree of hardship on dependents. *See Vazquez v. State*, 839

N.E.2d 1229, 1234 (Ind. Ct. App. 2005) (noting "jail is always a hardship on dependents"), *trans. denied*. Hunt has failed to advance any special circumstances that would show any hardship will be "undue" and therefore, the trial court's omission of this mitigating circumstance is not against the logic and effect of the facts and circumstances before it. The trial court did not abuse its discretion in sentencing Hunt.

[12]     Even if the trial court erred by not considering hardship as a mitigating circumstance, the sentence may stand if we can "say with confidence that the trial court would have imposed the same sentence[.]" *Anglemyer*, 868 N.E.2d at 491. Here, the trial court found Hunt's criminal history, his previous violations of probation, and the fact that he was on probation at the time of the current offense warranted an advisory sentence of three years. Hunt has not shown that the trial court would have imposed a different sentence had it considered hardship as a mitigating circumstance. Therefore, our confidence in the sentence is not diminished.

# Conclusion

[13]     We conclude that the trial court did not abuse its discretion in sentencing Hunt. Accordingly, his sentence is affirmed.

[14]     Affirmed.


Bradford, C.J., and Altice, J., concur.