## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2020, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Adam R. McCarthy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 24, 2020 <br><br> Court of Appeals Case No. 19A-CR-2655 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1903-F6-275 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Adam R. McCarthy (McCarthy), appeals his sentence for possession of methamphetamine, a Level 6 felony, Ind. Code § 35-48-4-6.1.

We affirm.

# ISSUES

McCarthy presents us with two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion by failing to recognize certain mitigating circumstances; and

(2) Whether the sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On March 11, 2019, the State filed an Information, charging McCarthy with possession of methamphetamine, a Level 6 felony. On July 8, 2019, McCarthy pled guilty to the offense and entered the Drug Court Diversion Program. Pursuant to the requirements of the Drug Court Diversion Program, McCarthy agreed to obey all laws, notify his case manager if he was arrested or if he had contact with law enforcement officials, and to successfully complete the residency program. On his admission to the Program, McCarthy was placed at the Park Center Addictions Residential Program. He successfully completed the program on August 13, 2019, and was consequently placed at the Freedom House. McCarthy failed to complete Freedom House's program and was

terminated from the recovery program on August 25, 2019. On August 30, 2019, new charges were filed against him for possession of a schedule I substance and possession of paraphernalia.

[5] On October 22, 2019, the trial court conducted a sentencing hearing. During the hearing, the trial court found McCarthy's criminal history to be an aggravating circumstance. His criminal involvement includes two adjudications as a juvenile where he was found delinquent for having operated a vehicle while intoxicated and failing to stop after an accident. As an adult, McCarthy collected nine misdemeanor convictions and two prior felony convictions, commencing in 2013 with charges for burglary and residential entry. He was sentenced to six years, with two years suspended to probation, for burglary and to two years for residential entry. He violated his probation. In 2013, he was sentenced to thirty days for a misdemeanor conviction. In 2014, he was sentenced for possession of a synthetic drug. In 2015, he was sentenced for operating while intoxicated. In 2018, he was sentenced for public intoxication, as well as conversion, resisting law enforcement, and false informing. In 2019, McCarthy was sentenced for possession of marijuana. In another 2019 Cause, he was convicted of possession of methamphetamine, possession of marijuana, and false informing. Lastly, McCarthy was charged with possession of a controlled substance, the arrest for which constituted the basis of the State's petition in this cause to revoke his placement with the Drug Court Diversion Program. His record is rife with failed efforts at rehabilitation, covering a period of time from 2012 to 2019. Through the juvenile system,

McCarthy was unsuccessfully given the benefits of operational supervision, individual counseling, and substance abuse out-patient treatment. McCarthy has received jail sentences, active adult probation, time in the Work Release facility, and time on the Home Detention Program. During the hearing in the instant Cause, the trial court identified McCarthy's criminal history as an aggravating circumstance and his plea of guilty, acceptance of responsibility and his remorse expressed in open court as mitigating circumstances. At the close of the hearing, the trial court sentenced him to two years executed at the Department of Correction.

McCarthy now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

McCarthy contends that the trial court abused its discretion by failing to recognize certain mitigating circumstances during his sentencing and by imposing a sentence that is inappropriate in light of the nature of the offense and his character.

I. *Mitigating Circumstances*

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Hunter v. State*, 72 N.E.3d 928, 935 (Ind. Ct. App. 2017), *trans. denied*. The court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proposed mitigating factor as does the defendant. *Id*. An allegation that the trial court failed to find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. *Id*.

Besides an enumeration of the omitted mitigating factors—limited formal education and history of mental health and substance abuse[1]—McCarthy fails to support these proposed mitigators with a quantum of their significance or references to the record. Accordingly, we cannot conclude that the trial court abused its discretion in failing to find McCarthy's proffered mitigators.

## II. *Sentence*

Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing

---

[1] McCarthy also alleges that the trial court failed to take into account his guilty plea and acceptance of responsibility as mitigating circumstances. However, during the hearing, the trial court stated, "I do find as mitigating circumstances your plea of guilty and acceptance of responsibility[.]" (Transcript p. 6).

decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied*.

[12] Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied* (*citing Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Fernbach*, 954 N.E.2d at 1089. The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] The trial court sentenced McCarthy to two years for a Level 6 felony possession. "A person who commits a Level 6 felony [] shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7. McCarthy was

initially given an opportunity to refrain from illegal drugs by receiving help through the Drug Court Diversion Program, resulting in a reduction of his actual time served by his credit for 108 days from his participation in the diversion program.

[14] The nature of McCarty's crime is unremarkable: he was arrested for possession of methamphetamines. Nevertheless, his instant offense coincided closely in time to his commission of possession of marijuana and paraphernalia in another Cause.

[15] Turning to McCarthy's character, we note his repeated inability to refrain from this kind of offense despite receiving multiple opportunities for reform in the past. McCarthy's criminal history reflects that he has been convicted on several drug-related offenses and has been given multiple chances for rehabilitation through probation and work release. Instead of trying to reform, he continues to offend, most notably with a possession of a controlled substance charge, the arrest for which constituted the basis of the State's petition in this Cause to revoke his placement with the Drug Court Diversion Program. Given past failed attempts at rehabilitation, given McCarthy's extensive criminal history, and given his pending sentences at present for the same or similar offenses, we cannot conclude that McCarthy's two-year aggravated sentence is inappropriate.

# CONCLUSION

Based on the foregoing, we hold that the trial court properly sentenced McCarthy.

Affirmed.

Baker, J. and Brown, J. concur